**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Artem Mizgirev, et al., | No. CV-26-01969-PHX-SHD |
| Petitioners, | **ORDER** |
| v. | |
| Eric Rokosky, et al., | |
| Respondents. | |

Pending before the Court is Petitioners' Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241.  The Magistrate Judge to whom this case was referred issued a Report and Recommendation ("R&R") recommending the Petition be granted in part and denied in part.  (Doc. 16.)  No objection has been filed and the time to do so has expired. *See* Fed. R. Civ. P. 72(b).

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).  It is "clear that the district judge must review the magistrate judge's findings and recommendations *de novo if objection is made*, but not otherwise."  *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*) (emphasis in original); *Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) ("Following *Reyna-Tapia*, this Court concludes that *de novo* review of factual and legal issues is required if objections are made, 'but not otherwise.'"); *see also Klamath Siskiyou Wildlands Ctr. v. U.S. Bureau of Land Mgmt.*, 589 F.3d 1027, 1032 (9th Cir. 2009) (the district court "must review de novo the portions

of the [Magistrate Judge's] recommendations to which the parties object"). District courts are not required to conduct "any review at all . . . *of any issue* that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985) (emphasis added); *see also* 28 U.S.C. § 636(b)(1) ("[T]he court shall make a *de novo* determination of those portions of the [report and recommendation] to which objection is made.").

No objection having been filed,

**IT IS THEREFORE ORDERED** the R&R (Doc. 16) is **adopted** as the Order of this Court.

**IT IS FURTHER ORDERED** Petitioners' § 2241 Petition (Doc. 1) is granted in part and denied in part. The Petition is **granted** to the extent Petitioners seek bond redetermination hearings. The Petition is otherwise **denied**.

**IT IS FURTHER ORDERED** Respondents must provide Petitioners with individualized bond hearings within **seven (7) days** of this Order and adequate notice prior to the hearings. The bond hearings shall comply with the procedural requirements set out in *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011) and the government shall bear the burden of proving that Petitioners are a danger or flight risk by clear and convincing evidence. Additionally, the IJ should consider Petitioners' financial situation and alternative conditions of release. *Hernandez v. Sessions*, 872 F.3d 976 (9th Cir. 2017). In the alternative, the government may release Petitioners under appropriate conditions of release.

**IT IS FURTHER ORDERED** Respondents must provide a notice of compliance within **three (3) days** of releasing Petitioners or providing bond hearings. **If applicable, that notice must include the result of the bond hearing.**

**IT IS FURTHER ORDERED** any pending motions are denied as moot and the Clerk of Court shall enter judgment in Petitioners' favor and close this case.

Dated this 9th day of June, 2026.

_____
Honorable Sharad H. Desai
United States District Judge

- 2 -